UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:
RICHARD GRIFFIN and
DESMARIE GRIFFIN
        Debtors                          Case No.: 10-22431 (RDD0
                                                          Chapter 13

_____

**<u>STIPULATION AND ORDER APPROVING LOAN MODIFICATION AND AMENDING PROOF OF CLAIM</u>**

      WHEREAS, American Home Mortgage Servicing, Inc. as servicer for Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W4 (the "Secured Creditor") is the servicer and holder, respectively, of a mortgage dated July 1, 2005 securing a note of the same date in the amount of $414,000.00, and identified by the last four loan numbers of **5822 secured by real property owned by Richard Griffin and Desmarie Griffin, (the "Debtors") and commonly known as 7 Scenic Drive, Suffern, NY 10901; and

      WHEREAS, Debtors made a Loss Mitigation Request on or about March 18, 2010, and

      WHEREAS, a Loss Mitigation Order was issued by the court on April 14, 2010, and

      WHEREAS, Debtors and Secured Creditor have agreed to modify the existing terms of the note and mortgage as outlined below, and more fully in the proposed loan modification agreement attached hereto as Exhibit "A", it is hereby

      STIPULATED AND AGREED THAT THE MORTGAGE MAY BE MODIFIED AS FOLLOWS:

1. The note and mortgage securing the Secured Creditor's lien identified as loan **5822 may be modified in accordance with the following terms**:**
   a. The maturity date will be August 1, 2035.
   b. The principal balance as of May 1, 2011 may be modified to $541,373.98.
   c. The interest rate may be modified so that it increases in steps as follows:

1

- As of May 1, 2011 the interest rate shall be 3.000%, with a resulting Principal and Interest payment of $2,620.67 being due beginning June 1, 2011. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement;
- As of May 1, 2013 the interest rate shall be 4.000% with a resulting Principal and Interest payment of $2,887.94 being due beginning June 1, 2013. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement;
- As of May 1, 2014 the interest rate shall be 5.000% with a resulting Principal and Interest payment of $3,158.91 being due beginning June 1, 2014 through to the maturity date. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement.

2. The Parties acknowledge that should the Secured Creditor not be able to settle, finalize or record the loan modification agreement or offer due to any act or omission of the Debtors (including, but not limited to, failure of the Debtors to return a fully executed loan modification agreement, signed and/or initialed where applicable), the loan modification agreement or offer may be revoked.

3. The Secured Creditor's claim, identified as Claim 1-1 on the Claims register, asserting pre-petition arrears in the amount of $43,025.87, is hereby amended, without prejudice to further amendment, so that $0.00 pre-petition arrears are claimed. The Parties agree and understand that the claim will not be paid via the Chapter 13 Plan. The Parties also agree and understand that no part of the pre-petition arrears in the amount of $43,025.87 will be discharged via the Chapter 13 bankruptcy. Should the loan modification not be settled or finalized for any reason, the Parties hereby agree that the amount of $43,025.87 in pre-petition arrears will remain owing to the Secured Creditor, regardless of confirmation of the Chapter 13 Plan and regardless of any discharge that may be issued in this case, in so far as they have not been reduced by payments made and received.

4. The loss mitigation period is hereby terminated in respect to the loan ending in **5822.

5. If not previously lifted or otherwise terminated, the automatic stay is hereby lifted for the purpose of entering into and taking such steps as are necessary to settle and finalize the loan modification agreement or offer, including recording of the modification with the County Clerk's office.
6. Terms of the loan modification agreement not detailed in this Stipulated Order are not void, voidable, or otherwise invalid merely because they are not set out herein.  To the extent that any portion of the instant stipulation varies from the terms of the proposed loan modification, the terms of the loan modification shall control.  To the extent that any portion of the instant stipulation omits any portion of the original note and mortgage, such omitted portions are still valid and enforceable and the terms of the original note and mortgage are not amended other than detailed in the loan modification agreement.
7. Nothing in this Stipulated Order, the loan modification agreement or offer, or any accompanying documents shall be understood or construed to be a satisfaction or release, in whole or in part, of the original note and mortgage.
8. This Stipulated Order shall be binding upon the heirs, successors and assigns of Secured Creditor and of the Debtors.
9. It is further agreed that a fully executed copy of this Stipulation shall be deemed the original for the purposes of filing the same with the Court and that facsimile signatures shall have the same force and effect as the original signature.

10. The foregoing represents the entire agreement of the Parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

| | |
|---|---|
| Dated: June 29, 2011 | Dated: July 7, 2011 |
| **Attorney for Debtors** | **Attorney for Secured Creditor** |
| /s/ Joshua N. Bleichman | /s/ Stephen J. Wallace |
| Joshua N. Bleichman, Esq.<br>268 Route 59<br>Spring Valley, NY 10977<br>845-425-2510 | Stephen J. Wallace, Esq.<br>220 Northpointe Pkwy<br>Suite G<br>Amherst, NY 14228<br>716-204-3454 |

SO ORDERED:                                 /s/ Robert D. Drain
                                                              Hon. Robert D. Drain
                                                              United States Bankruptcy Judge

Dated: White Plains, New York
       July 8, 2011