UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
Richard and Desmarie Griffin                  Case No. 10-22431 (RDD)

                               SUPPLEMENTAL AFFIRMATION IN FURTHER
Debtors                         SUPPORT OF ORDER TO SHOW CAUSE

------------------------------X

COMES NOW RICHARD GRIFFIN by and through his counsel, Joshua N. Bleichman who submits the affirmation in support of the Order to Show Cause.

1. I am counsel for the debtors and state under the penalty of perjury that I have knowledge of the foregoing and it is true.

2. This is an application to enforce a stipulation between the parties and signed by this Court filed 11/1/2010 which resolved an objection to Ford Motor Companies claim and their objection to confirmation. Most importantly is established Fords claim amount and that that claim would be paid through the plan. Prior to the stipulation, the parties agreed to adequate protection payments. However, when the claim objection and the objection to confirmation were resolved, it was the clear intent of the parties that since the claim was to be paid through the plan, at the insistence of the Chapter 13 Trustee, there would no longer be a need for adequate protection payments to Ford, as this would result in Ford being paid TWICE. Alternatively, Debtor seeks to reargue a lift stay on the debtor's vehicle and to impose a stay on the repossession of the same pending a hearing of this motion.

3. This case was filed as a Chapter 13 bankruptcy on 3/10/2010. An application objecting to the claim of Ford Motor Credit was filed 5/7/2010. Ford also objected to confirmation. These matters were resolved by stipulation and the claim was fixed at $20,000.00 and to be paid through the plan. See Exhibit "A" annexed hereto.

4. Notwithstanding resolution of the claim objection and resolution of the confirmation objection, Ford's counsel began insisting on adequate protection payments pending confirmation. Normally, Debtor would make payments outside the plan directly to the creditor which would constitute adequate protection payments. However, because the claim which Ford is entitled is being paid IN the plan, at the insistence of the Chapter 13 Trustee and acquiescence of Ford's counsel as evidenced in the stipulation between the parties, Ford is not entitled to be paid Outside the plan, even if it is disguised as an adequate protection payment. Ford would be paid TWICE and the stipulation resolving the claim objection would be breached as the claim amount which was fixed thereby becomes a nullity.

7. A previous application for the same of similar relief was made and filed 9/8/2000 and the application was not signed. This application clarifies the parties intent and that it would be inequitable to allow Ford to receive adequate protection payment and ALSO have their claim paid through the plan.

WHEREFORE Debtors respectfully demands that an Order be entered:

1) Enforcing the SO ORDERED stipulation between the parties dated October 29, 2010 as docket #45 of the docket of this case; and

2) Rearguing the Order signed and entered by this Court on May 23, 2011, by way of a letter from Ford's counsel filed 4/7/11 and reinstating, the §362 stay and restraining Ford Motor Credit and the law firm of Deily, Mooney & Glastetter LLP from repossessing the Debtors vehicle, to wit a 2006 Lincoln Navigator VIN 5LMFU28576LJ26849,; and

3) Staying the repossession of said vehicle;

4) And finding whether Ford Motor Credit and the law firm of Deily, Mooney & Glastetter LLP are in willful contempt of said Order of this Court

5) And the amount of counsel fees due to Debtor for making this application and appearing therefore;

6) Such other and further relief should not be granted as the Court may determine,

Dated: Spring Valley, N.Y.  
       September 11, 2011

Respectfully Submitted,

_____/s/ Joshua N. Bleichman, Esq_____  
Joshua N. Bleichman, Esq.  
Attorney for Debtor  
268 Route 59  
Spring Valley, NY 10977  
(845) 425-2510

Copies of OSC, affidavit and Memo to:  
Deily, Mooney & Glastetter LLP                        Jeffrey Sapir, Ch 13 Trustee